✗ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 0 7 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| ZHANG JC, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHAI RESEARCH CORP., a Delaware corporation,<br><br>Defendant. | Case No. **CV24-00267-PHX-SMB**<br><br>**COMPLAINT** |

Plaintiff ZHANG JC ("Plaintiff") alleges for his Complaint against Defendant CHAI RESEARCH CORP. ("Defendant"), on personal knowledge as to his own activities and on information and belief as to the activities of others, as follows:

### PRELIMINARY STATEMENT

1. This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201 that Plaintiff's registration and use of the internet domain names chai-ai.app and chainsfw.ai (the "Domain Names") does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

2. The domain name chai-ai.app has been suspended by registrar GoDaddy LLC/ GoDaddy.com, LLC and chainsfw.ai by registrar 1API GmbH and are at immediate risk of being transferred away from Plaintiff by the actions of Defendant, which claims trademark rights to the Domain Names.

## PARTIES

3. Plaintiff ZHANG JC is an individual residing in the County of Los Angeles, in the State of California.

4. Upon information and belief, Defendant CHAI RESEARCH CORP is a Delaware corporation with principal office in the City of Palo Alto, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law, specifically reverse domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201.

6. This Court has personal jurisdiction over Defendant because it consented to jurisdiction in this court by filing a complaint with the domain name dispute provider FORUM, which contains consent to jurisdiction of the district (a) in which the principal office of the Registrar or (b) the domain-name holder's address as shown for the registration of the domain name in Registrar's Whois database at the time the complaint is submitted to the Provider. The principal office of the Registrar (GoDaddy) is located at 2155 E. GoDaddy Way, Tempe, AZ 85284.

7. This Court is the proper venue under 28 U.S.C. § 1391(b)(3) and (c). Additionally, the substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

8. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark and asserts spurious claims of

trademark infringement or trademark dilution against the owner of a domain name that is allegedly similar or identical to the registered trademark.

9. Plaintiff is a Good-faith Registrant of the Domain Names that incorporates generic words which are in wide use.

10. The Plaintiff did not register the Domain Names primarily for the purpose of preventing "the owner of the trademark or service mark from reflecting the mark in a corresponding domain name". The Plaintiff did not intend to create a likelihood of confusion or disrupt Defendant's business.

11. At the time the Plaintiff purchased the domain names, there was no material traffic to the domain and no reason to expect a meaningful traffic flow.

12. The Plaintiff never tried to sell the domain names.

13. On December 28, 2023, Defendant filed a complaint with the FORUM, thereby initiating an arbitration proceeding against Plaintiff in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP"). The UDRP establishes a process for contesting domain name registrations using a system of private arbitrators. Each domain name registrant agrees to the UDRP process when they register a domain name, and each person who files a complaint consents to the jurisdiction of the court in which the particular domain name registrar is located when the complaint is filed. The UDRP does not have an internal appeal process, instead relying on courts to review the decisions of panelist arbitrators. Once a panelist's decision is rendered, the losing party has ten days to file a declaratory judgment action or the decision is implemented, in this case meaning the domain name would be transferred to Defendant.

14. FORUM accepted the Complaint, and the registrars of the Domain Names locked the Domain Names, thereby prohibiting the Plaintiff from utilizing them.

15. Plaintiff filed answer to complaint stating that the word "Chai" is a generic and descriptive word with a common meaning (a device used for inhaling vapor containing nicotine and flavoring). The generic nature of the "Chai" figure demonstrates the WIPO Global Brand Database. According to the search results, there are 4,257 most relevant results for "CHAI" marks.

16. Moreover, Defendant does not have registered trademark CHAI and cannot prove the common law mark since it fails to provide any evidence of amount of sales under the mark and the nature and extent of advertising using the mark.

17. The fact that the disputed domains are generic establishes the Plaintiff's legitimate interest in the disputed domains and is subject to registration as domain names on a 'first-come, first-served' basis. Defendant cannot demonstrate that the Plaintiff has no rights or legitimate interests in the domain names.

18. On January 25, 2024, the panelist rendered a decision requiring the transfer of the domain names to Defendant. The reasons stated in the ruling of the arbitrator represent a significant departure from the written standards contained in the UDRP, in that Defendant did not prove that (1) the Plaintiff did not have bona fide rights in the Domain Names or in terms included in the Domain Names (for purposes of the federal trademark laws that are applicable to the proceeding), (2) the Plaintiff had no legitimate interest in the domains, or (3) that the Plaintiff had registered and/or used the Domain Names in bad faith.

19. There is not any possibility of confusion between the Plaintiff's web site and the services offered by Defendant to the general public.

20. The Plaintiff's use of the domain names as his chosen domain name is a fair or otherwise lawful use of the term.

21. At no time did the Plaintiff trade upon or use Defendant's trademarks for his business of monetizing domain names.

22. At no time did the Plaintiff register or use the disputed domain names in bad faith as defined by 15 U.S.C. §1125.

23. Because of Defendant's actions, the Plaintiff faces losing valuable rights in the Domain Names.

24. Due to the impending transfer of the Domain Names to Defendant by FORUM, the Plaintiff is now forced to bring this action to protect his rights in his intellectual property. The Plaintiff has had to incur substantial fees and costs to bring this suit.

25. Because FORUM has directed that the disputed domain names be transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether the Plaintiff's registration and use of the disputed domain is unlawful under the ACPA and the Lanham Act.

26. Based on the facts set forth herein, an actual controversy has arisen and now exists between the Plaintiff and Defendant regarding whether or not the Plaintiff's use of the term the disputed domain names as his domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

27. The Plaintiff has never sold, transferred, or trafficked in the Domain Names.

28. At all times, the Plaintiff utilized the Domain Names in a bona fide manner for bona fide purposes. The Plaintiff does not refer to or use in any manner Defendant's trademarks.

29. The Plaintiff has never had any intent to divert consumers from Defendant's online location to a site accessible under the Domain Names that could harm the goodwill represented by the mark.

30. The Plaintiff's use of the Domain Names has been lawful and has not infringed upon the mark of Defendant. The Plaintiff did not provide material and misleading false contact information when applying for the registration of the Domain Names. The Plaintiff did not fail to maintain accurate contact information with respect to the Domain Names or with respect to any other domain name.

31. The Plaintiff's use of the disputed domain names as his chosen domain names are a fair or otherwise lawful use of the term. Because of Defendant's actions and its claims of trademark infringement and dilution, the Plaintiff faces losing valuable rights in the Domain Names.

## FIRST CAUSE OF ACTION
### Declaratory Relief – 28 U.S.C. § 2201
### No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

32. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

33. An actual controversy exists about whether the Plaintiff should be entitled to the domain names under the ACPA.

34. The ACPA provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred under which the registrant may sue for a declaration that the registrant is not in violation of the ACPA and for injunctive relief, including the reactivation of the domain name.

35. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss of his domain name under the UDRP has a cause of action to seek an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

36. The Plaintiff did not register the Domain Names with the bad-faith intent to profit from the goodwill of Defendant's trademark, as "bad faith" is defined in the ACPA.

37. The Plaintiff is entitled to have the unencumbered use of the Domain Names, to have the Domain Names reactivated, and to have all suspensions or transfers of the Domain Names terminated and prohibited.

38. As a direct and proximate result of Defendant's actions, the Plaintiff has been and will continue to be damaged through his inability to use the Domain Names.

39. Unless this Court issues a Declaratory Judgment that the Plaintiff is entitled to maintain registration of the Domain Names, the transfer of the Domain Names to Defendant will damage the Plaintiff irreparably. The Plaintiff has no adequate remedy at law.

40. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a) and the Plaintiff is thus entitled to an award of attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Declaratory Relief – 28 U.S.C. § 2201
### No Violation of Lanham Act, 15 U.S.C. § 1114(a)

41. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

42. An actual controversy exists about whether the Plaintiff should be entitled to the domain names under the Lanham Act.

43. The Plaintiff's and Defendant's legal interests are adverse and create a present threat of litigation.

44. The Plaintiff's use of the Domain Names is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of the Plaintiff with Defendant, or as to the origin, sponsorship, or approval by Defendant.

45. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a) and the Plaintiff is thus entitled to an award of attorney's fees and costs.

## THIRD CAUSE OF ACTION
### Reverse Domain Name Hijacking, 15 U.S.C. § 1114(2)(D)(v)

46. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

47. (1) registration of a domain name; (2) that has been "suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II);" (3) "that the owner of the mark that prompted the domain name to be suspended, disabled, or transferred has notice of the action;" and (4) "that [the plaintiff's] registration or use of the domain name is not unlawful."

## REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

1. An order directing the Registrars GoDaddy LLC/ GoDaddy.com, LLC and 1API GmbH to take all action necessary to enable the Domain Names; to reactivate the Domain Names; to discontinue any suspension of the Domain Names; and to refrain from transferring the Domain Names from Plaintiff to Defendant;

2. A judgment declaring that Plaintiff's registration, use, and possession of the Domain Names neither infringes Defendant's trademarks nor dilutes the trademarks in any manner, nor constitutes a violation of any Federal or State law;

3. A judgment declaring that Plaintiff may continue to use and enjoy the Domain Names without interference of any type by the Defendant;

4. A judgment, order, or injunction enjoining Defendant from interfering with or challenging Plaintiff's registration, possession, or use of the Domain Names;

5. A judicial declaration that this is an exceptional case under the Lanham Act because Defendant initiated the UDRP with the bad-faith intent to use the legal system to steal the Domain Names from Plaintiff;

6. An award of Plaintiff's reasonable attorney's fees and costs incurred in bringing this action; and

7. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

February 3, 2024

*ZHANG JC*
ZHANG JC (pro se)