David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorneys for Defendant/Counterclaimant
Chai Research Corp.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Zhang JC, an individual, | Case No. 24-cv-267-SMB |
| Plaintiff/Counterdefendant, | **NOTICE REGARDING PROPOSED CASE MANAGEMENT REPORT** |
| v. | |
| Chai Research Corp, | |
| Defendant/Counterclaimant. | |

Defendant/Counterclaimant Chai Research Corp. ("Chai") submits the following notice regarding the status of the Joint Proposed Case Management Report.

On February 23, 2024, this Court issued an order requiring the parties to, *inter alia*, meet and confer for the purpose of preparing a Joint Proposed Case Management Report. Because the Plaintiff in this matter, Zhang JC ("Plaintiff") is *pro se*, on March 28, 2024, undersigned counsel for Defendant/Counterclaimant sent an email to Plaintiff asking when he/she was available to meet and confer, as ordered.

In addition, because Plaintiff is *pro se*, undersigned counsel also prepared a preliminary draft Proposed Case Management Report which was sent to Plaintiff via email that same day (March 28, 2024). A copy of the email to Plaintiff and the draft Proposed Case Management Report is attached hereto as Exhibit A.

Since March 28th, Plaintiff has not responded to the undersigned's email request to meet and confer. To follow up, today (April 1, 2024), the undersigned attempted to reach Plaintiff by telephone using the number shown on the Civil Cover Sheet filed by Plaintiff -- +8617629003107. This number appears to be in either China or Hong Kong (country code +86 is associated with China).

Upon calling Plaintiff's number, the phone appeared to ring normally for about 5-6 rings, and then the tone changed to a sound similar to a fast dial tone with beeps. This sound continued for an extended period. No voicemail greeting was heard, and no one ever answered. Based on the sounds heard, it appears the phone number provided by Plaintiff is not valid.

Under these circumstances, undersigned counsel was unable to meet and confer with Plaintiff regarding the Proposed Case Management Report. Despite this, and unless otherwise ordered by the Court, the undersigned intends to appear at the telephonic Case Management Conference set in this matter for April 8, 2024 at 9:15 AM.

DATED: April 1, 2024.

GINGRAS LAW OFFICE, PLLC

David S. Gingras, Esq.
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Defendant/Counterclaimant
Chai Research Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document on April 1, 2024 via the Court's ECF system, and that paper copies were sent via U.S. Mail this date to:

Zhang JC
Room A17, 29/F, The Grand Centre
7 Shing Yip Street
Kwun Tong, Kowloon
Hong Kong

David S. Gingras, Esq.

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044

# Exhibit A

# David Gingras

| | |
|---|---|
| **From:** | David Gingras |
| **Sent:** | Thursday, March 28, 2024 11:04 AM |
| **To:** | zhangjc1999@gmail.com |
| **Subject:** | Case 2:24-cv-00267-SMB JC v. Chai Research Corporation Order |
| **Attachments:** | 9 - Order re Case Management Conference.pdf; Proposed Case Management Report.pdf; Proposed Case Management Report.doc |

Sir/Ma'am (my apologies for not knowing which pronouns you prefer),

As you may know, I am the lawyer for Chai Research Corporation in the case you filed against Chai here in Arizona.

The court has issued an order (attached) which requires us to meet and confer at least 10 days prior to the case management conference which has been scheduled for April 8, 2024. Thus, we need to meet and confer ASAP to comply with the court's order.

Because you are the plaintiff, you would normally be responsible for preparing the initial draft of the case management report. However, because you are not a lawyer, I have prepared an initial draft of the report (attached). The PDF and Word document versions are identical.

As you can see, I have completed some parts of the report, but have marked other parts where your input is needed. There are also some other parts which I cannot complete until we have a chance to discuss this further.

Please let me know when you are available to discuss this further. I am available by phone any time today (Thursday) or tomorrow (Friday).

Please note the court has ordered us to file the joint report within 7 days prior to the hearing, which means this must be done by Monday, April 1, 2024.

If I do not hear from you before then, I will file a notice letting the court know that I attempted to discuss this with you, but was unable to do so.


David Gingras, Esq.
Gingras Law Office, PLLC
David@GingrasLaw.com
https://twitter.com/DavidSGingras
http://gingraslaw.com
Tel.: (480) 264-1400
Fax: (480) 248-3196



David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorneys for Defendant/Counterclaimant
Chai Research Corp.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Zhang JC, an individual,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Chai Research Corp,<br><br>    Defendant/Counterclaimant. | Case No. 24-cv-267-SMB<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT** |

Pursuant to this Court's February 23, 2024 Order (Doc. 9) (the "Order"), the Parties respectfully submit the following Joint Proposed Case Management Report.

1. **Counsel who attended the Rule 26(f) Conference and assisted in developing the Joint Proposed Case Management Report**

    a. **Plaintiff/Counterdefendant**

    [NEED RESPONSE]

    b. **Defendant/Counterclaimant**

    David S. Gingras, Esq.

2. **Parties in the Case**

    a. **Plaintiff/Counterdefendant**

Zhang JC, an individual.

    b.  **Defendant/Counterclaimant**

Chai Research Corporation, a Delaware corporation.

**3.  <u>Nature of the Case</u>**

The parties provide the following preliminary summary of the elements of the claims alleged and the affirmative defenses asserted. This is not intended to be a complete briefing of all issues; rather it is intended simply to identify and describe the general nature and character of the claims and defenses. Each party reserves the right to assert contentions of law or fact that may vary from this preliminary summary based upon additional research or analysis, developments in the case or developments in applicable law.

    a.  **Plaintiff's Position**

[NEED RESPONSE]

    b.  **Defendant's Position**

Counterclaimant Chai Research was incorporated in Delaware in January 2022 and has quickly established a reputation for leading research and applications of chat dialogs with artificial intelligence. Chai Research publishes an artificial intelligence chat app under the mark "CHAI".

In September 2023, long after Chai Research had established a distinctive reputation and goodwill in "CHAI" for artificial intelligence chat software, Counterdefendant Zhang JC or person(s) acting in concert therewith, registered the domain name chai-ai.app via the registrar GoDaddy LLC in this judicial district. The registrant of chai-ai.app then proceeded to direct traffic to a web page advertising access to "Chai AI - Your Ultimate NSFW Chat Adventure" where the acronym for "not safe for work" indicates adult material. The page repeatedly referenced "CHAI AI", and further stated:

> "Does Chai AI have a website?
>
> You can visit our website to learn more about their AI chat bot services, explore features, and access their platform for AI-driven conversations."

In November 2023, Counterclaimant Chai initiated a first UDRP proceeding against the chai-ai.app domain name. During the first UDRP proceeding, the behavior of the domain name chai-ai.app changed, and began to forward to a new domain name chainsfw.com, which was registered during the proceeding, on December 22, 2023.

In response to the new behavior of chai-ai.app and a second domain name also incorporating Counterclaimant's "CHAI" mark, with the addition of a common acronym for "not safe for work", Counterclaimant withdrew the first UDRP Proceeding and filed a second UDRP Proceeding against both domain names on December 28, 2023.

In the second UDRP Proceeding, the panel found:

> The evidence in the present case gives rise to a clear inference that the Respondent [Zhang JC] by its use of the Disputed Domain Names was seeking to attract traffic to its own artificial intelligence based chat app as a result of confusion arising out of its use of the term "CHAI' within the Disputed Domain Names, given that term's association with the Complainant in relation to AI chat apps. The Panel finds that this was done for commercial gain – the Respondent's website contains the following text : "While Chai AI provides free access to its AI chat services, it may offer premium features or subscriptions for more advanced functionalities. Users can enjoy a basic level of interaction with Chai Bot for free, but additional features or services might come at a cost. It's essential to check Chai AI's specific pricing model to understand the extent of free and premium offerings".  The Panel concludes that the Respondent's actions fall within Policy ¶ 4(b)(iv).
>
> The Panel also agrees with the Complainant that the Respondent's registration of the Second Disputed Domain Name was likely done in anticipation of the Respondent losing the earlier UDRP proceeding in relation to the First Disputed Domain Name (see above) and was effected as a "fall back" strategy to allow the Respondent's activities to continue notwithstanding an adverse decision. That in the Panel's opinion provides a further basis for finding the Second Disputed Domain Name was within Policy ¶ 4(b)(iv) and more generally for showing the  Respondent's

motivation in seeking to take advantage of the Complainant's CHAI trademark."

...and accordingly ordered transfer of the domain names.

After the UDRP Panel found in favor of Counterclaimant Chai and ordered the domain names to be transferred, Plaintiff/Counterdefendant Zhang JC commenced this proceeding in District Court seeking to prevent the domain names from being transferred. In response, Chai has asserted a counterclaim for cyberpiracy/Cybersquatting

4. **Description of Factual and Legal Disputes**

    a. **Plaintiff**

[NEED RESPONSE]

    b. **Defendant**

[NEED TO DISCUSS]

5. **Jurisdictional Basis**

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction because the claims at issue arise under federal law, specifically the Lanham Act 15 U.S.C. § 1114(2)(D)(iv) and 15 U.S.C. § 1125(a) and the Anticybersquatting Consumer Protection Act 15 U.S.C. § 1114(2)(D)(v) and 15 U.S.C. § 1125(d).

6. **Unserved Parties**

None.

7. **Additional Parties/Amendments to Pleadings**

No additional parties are anticipated to be added by either party.

8. **Contemplated Motions and Statement of Issues to Be Decided by those Motions**

    a. **Plaintiff**

[NEED RESPONSE].

    b. **Defendant**

[NEED TO DISCUSS]

9. **The Prospects for Settlement and Potential Methods for Conducting Settlement**

[NEED TO DISCUSS]

10. **Suitability for Reference to Special Master or United States Magistrate Judge**

[NEED TO DISCUSS]

11. **Status of Related Cases**

None.

12. **Issues Relating to Preservation, Disclosure, or Discovery of Electronically Stored Evidence**

   a. **Plaintiff**

[NEED RESPONSE]

   b. **Defendant**

None at this time.

13. **Issues Relating to Claims of Privilege or Work Product**

The parties do not anticipate any issues at this time.

14. **Necessary Discovery Within the Scope of Rule 26(b)(1)**

   a. **Plaintiff**
      i. *The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case.*

5

[NEED RESPONSE]

      *ii.*    *Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.*

None at this time.

      *iii.*    *Number of hours permitted for each deposition, unless extended by agreement of the parties.*

[NEED RESPONSE]

    b.  **Defendant**

None at this time.

15.    **Proposed Timeline for Certain Deadlines**

    a.  **Plaintiff**

[NEED RESPONSE]

| Event | Proposed Date |
|---|---|
| Amendment of Pleadings | |
| Last Day to Lodge Joint Protective Order | |
| Fact Discovery Cutoff | |
| Initial Expert Disclosures Due | |
| Rebuttal Expert Disclosures Due | |
| Expert Discovery Cutoff | |
| Dispositive Motion Deadline | |
| Settlement Talk Deadline | |
| Joint Mediation Plan | |
| Proposed Trial Date | |

b. **Defendant**

[NEED TO DISCUSS]

| Event | Proposed Date |
|---|---|
| Amendment of Pleadings | |
| Last Day to Lodge Joint Protective Order | |
| Fact Discovery Cutoff | |
| Initial Expert Disclosures Due | |
| Rebuttal Expert Disclosures Due | |
| Expert Discovery Cutoff | |
| Dispositive Motion Deadline | |
| Settlement Talk Deadline | |
| Joint Mediation Plan | |
| Proposed Trial Date | |

17.     **Jury Request**

[NEED TO DISCUSS]

18.     **Estimated Length of Trial and Suggestions for Shortening Trial**

    a. **Plaintiff**

[NEED RESPONSE]

    b. **Defendant**

[NEED TO DISCUSS]

**19.** **Additional Suggestions, if any, to Expedite Disposition of this matter.**

The parties do not presently have suggestions for simplifying or expediting disposition of the case beyond the matters noted above.

DATED: April ___ 2024.

          **GINGRAS LAW OFFICE, PLLC**

          _____

          David S. Gingras, Esq.
          **Gingras Law Office, PLLC**
          4802 E. Ray Road, #23-271
          Phoenix, AZ 85044
          Tel.: (480) 264-1400
          David@GingrasLaw.com

          Attorney for Defendant/Counterclaimant
          Chai Research Corp.