David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Defendant/Counterclaimant
Chai Research Corp.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Zhang JC, an individual,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Chai Research Corp,<br><br>    Defendant/Counterclaimant. | Case No. 24-cv-267-SMB<br><br>**MOTION FOR SUMMARY JUDGMENT AND**<br>**MOTION FOR DEFAULT JUDGMENT ON COUNTERCLAIM** |

## I.   INTRODUCTION

As explained below, this motion seeks a complete termination of all claims and issues in this case. Here's why—since this case was filed on February 7, 2024, Plaintiff/Counterdefendant Zhang JC[1] ("Zhang") has failed to participate in the case in any way. Among other things, Zhang failed to respond to a counterclaim filed by Defendant/Counterclaimant Chai Research Corp. ("Chai"). Zhang also failed to respond to discovery requests served by Chai. The unanswered discovery included Requests for Admissions ("RFA") under Fed. R. Civ. P. 36. Because Zhang failed to submit *any* response or objection to the RFAs, those matters were deemed automatically admitted. *See* Fed. R. Civ. P. 36(a)(3).

---

[1] This name is believed to be a pseudonym. The true identity, and thus gender, of Zhang is unknown. This motion will use the male pronouns "he/him" simply for convenience.

Based on Zhang's failure to respond to Chai's counterclaim, the Clerk entered default as to the counterclaim on June 5, 2024. *See* Doc. 22. Based on Zhang's failure to respond to Chai's discovery, there are no material facts in dispute, and Chai is entitled to judgment as a matter of law as to the claims in Zhang's Complaint. For those reasons, Chai respectfully moves the Court for a default judgment as to its counterclaims, and for summary judgment as to all claims in Zhang's Complaint.

## II.   DISCUSSION

A separate statement of material facts is submitted herewith pursuant to Local Rule LRCiv 56.1, but to help the Court understand what actually occurred here, some brief background discussion/explanation is offered. This discussion includes non-material facts which are offered solely for context.

Chai Research Corporation is a California-based technology firm that is involved in artificial intelligence research. Among other things, Chai offers a software application called "Chai" which allows users to chat with a variety of different AI "personas". The Chai app has been downloaded more than 5 million times from the Google Play store, and has hundreds of thousands of strongly favorable customer reviews.



As explained in Chai's counterclaim, this dispute arose in late 2023 when Plaintiff/Counterdefendant Zhang registered several domain names including <chai-ai.app> and <CHAInsfw.com> which incorporated Chai's trademarks. *See* Doc. 8, ¶¶ 3–23. Upon discovering this, Chai commenced a UDRP proceeding to recover these domains. Chai prevailed in the proceeding, with the panel finding the domains had been registered and used in bad faith. As a result, the panel ordered the domains transferred. *See* https://udrp.adr.eu/decisions/detail?id=655c89d78821c4d9c301c70e

As the Court may be aware, when a party *prevails* in a UDRP proceeding (as Chai did here), if no further action is taken by the losing party (Zhang), the disputed domain name(s) will be transferred to the winner. This transfer is automatic *unless* the losing party timely files an action in District Court seeking relief under 15 U.S.C. § 1114(2)(D)(v) which provides:

> A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, <u>file a civil action to establish that the registration or use of the domain name by such registrant *is not unlawful* under this chapter</u>. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant. (emphasis added)

So, to recap what occurred here – in late 2023, Zhang registered several domain names which incorporated Chai's trademark. To recover those names and to stop Zhang from using them unlawfully, Chai commenced a UDRP proceeding in which it prevailed. This resulted in a decision which would have caused the domain names to be automatically transferred from Zhang to Chai.

Apparently, Zhang did not want to lose ownership of the domain names. To prevent this, Zhang filed this action to stop the otherwise automatic transfer from occurring. But there was a problem – Zhang had no factual or legal basis for his claims. For that reason, Zhang filed this action solely to delay the inevitable, but he has opted not to participate in the case, leading to the entry of his default.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

### a. Chai Is Entitled To Default Judgment On Its Counterclaim

As noted above and as the docket reflects, this case was commenced by Zhang on February 7, 2024 with a *pro se* Complaint. In his Complaint, Zhang asserted claims for declaratory relief and he requested a finding that his registration and use of <chai-ai.app> and <CHAInsfw.com> were *not* unlawful pursuant to 15 U.S.C. § 1114(2)(D)(v). *See* Compl., Doc. 1. On February 23, 2024, Chai responded with an Answer and Counterclaim which raised substantially the same Cybersquatting allegations made in the UDRP proceeding. *See* Doc. 8.[2]

Zhang failed to timely plead or respond to the counterclaim. As a result, on June 4, 2024, Chai applied for entry of default on the counterclaim. *See* Doc. 20. The clerk entered Zhang's default the next day on June 5, 2024. *See* Doc. 22.

Chai now moves the Court for a default judgment on the counterclaim. In this posture, the familiar requirements of Rule 55 apply:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. The plaintiff may thereafter apply for entry of a default judgment. … In determining whether to grant a default judgment, courts consider "(1) the possibility of prejudice to the [party seeking default], (2) the merits of [the requesting party's] substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Bustamante v. Taylor*, 2024 WL 380967, *2 (D.Ariz. Jan. 31, 2024) (cleaned up) (quoting Fed. R. Civ. P. 55 and *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

---

[2] As noted above, Zhang's claims were brought after he lost an earlier UDRP proceeding, making this action somewhat analogous to an appeal. However, UDRP panel decisions are not binding in federal court, and but-for Zhang's default, both parties' claims would be considered *de novo*. *See Mira Holdings Inc. v. UHS of Del. Inc.*, 2023 WL 5333262, 2023 U.S. Dist. LEXIS 145668, *2 n.4 (D.Ariz. August 18, 2023) (citing *AIRFX.com v. AirFX LLC*, 2011 WL 5007919, at *4 (D. Ariz. Oct. 20, 2011) ("[F]indings of the UDRP panel . . . are not binding on this [C]ourt.") (emphasis added).

In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Lopez v. Fast Wireless LLC*, 2024 U.S. Dist. LEXIS 109691, *4, No. CV-24-00326-PHX-GMS (June 21, 2024) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Furthermore, "In cases like this, in which the defendant has not responded, nor participated in any litigation, the 'first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Whaleco Inc. v. Temuapp.me*, No. CV-23-02615-PHX-MTL, 2024 U.S. Dist. LEXIS 96893, *9 (D.Ariz. May 31, 2024) (citing *Zekelman Indus. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. March 27, 2020)).

With those standards in mind, applying the seven *Eitel* factors here is easy. First, it is clear the party seeking a default judgment—Chai—would be prejudiced if a default judgment is not entered. This is so because Chai has already brought and prevailed in a UDRP proceeding which (but for this action) would have resulted in the *automatic* transfer of two domain names found to have been unlawfully registered and used by Zhang. The only thing preventing the transfer of those domain names is the fact this action remains unresolved. Thus, the only way for Chai to obtain relief is by having this matter concluded. This constitutes prejudice as a matter of law; "Prejudice exists where, absent entry of default judgment, the Plaintiff would lose the right to a judicial resolution of its claims and would be without other recourse of recovery." *Lopez*, *supra*, 2024 U.S. Dist. LEXIS 109691, *4-5 (citing *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388,392 (C.D. Cal. 2005)); *see also Whaleco Inc. v. Temuapp.me*, No. CV-23-02615-PHX-MTL, 2024 U.S. Dist. LEXIS 96893, *9 (finding entry of default judgment appropriate in similar Cybersquatting context).

Next, "The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are often 'analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover.'" *Whaleco*, 2024 U.S. Dist. LEXIS 96893, *1 (quoting *Viet. Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)).

Here, the merits of Chai's counterclaim are self-explanatory. Chai assets a single cause of action for Cyberpiracy in violation of the Anticybersquatting Consumer Protection Act. 15 U.S.C. § 1125(d). The three elements of this claim are as follows: "(1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted with bad faith intent to profit from that mark." *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010).

Each of these elements are established by the well-pled facts in Chai's counterclaim. First, Chai alleged it holds trademark rights in the mark <CHAI> when used in connection with its marketing of artificial intelligence chat software. *See* Doc. 8, ¶¶ 1–10. Second, the counterclaim alleges Zhang unlawfully registered and used two domain names which incorporate Chai's mark. *See* Doc. 8, ¶¶ 11–28. Third, Chai alleged this use qualifies as bad faith under 15 U.S.C. § 1125(d). *See* Doc. 8, ¶¶ 30–35.

This third element is easily met here because as explained in the counterclaim, Zhang registered the domain names for the purpose of diverting traffic away from Chai's authorized website. *See* Doc. 8, ¶¶ 14–16 (alleging, *inter alia*, "The registrant of chai-ai.app then proceeded to direct traffic to a web page advertising access to 'Chai AI - Your Ultimate NSFW Chat Adventure' where the acronym for 'not safe for work' indicates adult material.") Using a domain name that contains a similar or identical mark for the purpose of diverting traffic from the mark's owner is *per se* bad faith under the ACPA. *See Cosmetic Alchemy, LLC v. R&G, LLC*, No. CV-10-1222-PHX-GMS, 2010 U.S. Dist. LEXIS 121737, 2010 WL 4777553, at *6-7 (D. Ariz. Nov. 17, 2020) (finding bad faith where the counter-defendant intended to profit from a domain name by diverting customers and distributors away from the mark owner's original website).

The fourth *Eitel* factor "considers the amount of money at stake in relation to the seriousness of the defendant's conduct." *Whaleco*, 2024 U.S. Dist. LEXIS 96893, *23 (citing *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D.Cal. 2002)). Although Chai's counterclaim originally requested statutory damages in the

1  amount of $100,000 per domain ($200,000 total), since it is clear that Zhang's identity is fake and any money judgment would be uncollectible, the sole relief Chai requests here is transfer of the infringing domains; "Accordingly, this factor favors granting default judgment." *Whaleco*, 2024 U.S. Dist. LEXIS 96893, *22.

The final *Eitel* factors ask the Court to consider: (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Here, none of these factors favor a trial on the merits because there are no material facts in dispute, and Zhang clearly filed this action in bad faith (as Plaintiff) and he has otherwise completely failed to participate in the action over the last six months. This conduct cannot be excusable neglect; "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Again, as the party who originally <u>commenced</u> this action (while also providing false or invalid contact information to the Court and to counsel), there is no basis for Zhang to argue that he was not aware of this proceeding or that his non-participation in the case was excusable or that a trial on the merits would be appropriate. The same conclusion was reached by Judge Liburdi under similar facts in *Whaleco*:

> The seventh factor, which favors a decision on the merits, generally weighs against default judgment; however, Rule 55 of the Federal Rules of Civil Procedure "indicates that this preference, standing alone, is not dispositive." This factor is not sufficient to preclude the entry of default judgment in this case. Defendants have had notice of this lawsuit since December 28, 2023, and had ample time to answer or respond. Defendants chose not to participate.

*Whaleco*, 2024 U.S. Dist. LEXIS 96893, *11 (quoting/citing *Warner Bros. Ent., Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004); *PepsiCo*, 238 F. Supp. 2d at 1177).

The same logic applies here. Zhang commenced this action nearly six months ago, but has otherwise failed to participate in any way. This strongly favors default.

As explained above, all seven *Eitel* factors favor granting Chai's request for a default judgment as to its counterclaim, and none of the factors weigh against this request. Accordingly, this Court should enter a judgment by default as to the single cause of action in the counterclaim.

As a final point, it is worth noting that in addition to the *Eitel* factors, "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, there is no question this Court has personal jurisdiction over Zhang – because as the party who commenced this proceeding, Zhang voluntarily submitted himself to the Court's jurisdiction. This includes any counterclaim by Chai. *See Threlkeld v. Tucker*, 496 F.2d 1101, 1103 (9th Cir. 1974) (finding personal jurisdiction existed over non-resident who commenced action in the forum, "because, having instituted the action, he had submitted himself to the court's jurisdiction not only as to his own cause of action but also as to any counterclaim filed against him.")

In addition, because both parties raised federal claims under the Lanham Act, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Thus, the Court has jurisdiction over both the parties and the subject matter.

For each of these reasons, Chai respectfully moves the Court for a default judgment as to its counterclaim against Plaintiff Zhang. A form of judgment is submitted herewith.

**b. Chai Is Entitled To Summary Judgment on Zhang's Claims**

As explained above, Chai's counterclaim against Zhang may be resolved by default. However, this still leaves three affirmative claims in Zhang's Complaint unresolved.

In short, Zhang's three claims were all based on the same central facts and they requested the same relief – i.e., a finding that Zhang's registration and use of <chai-ai.app> and <CHAInsfw.com> were *not* unlawful under the ACPA, 15 U.S.C. § 1125(d).

1    To help resolve this issue, on April 30, 2024, Chai (through undersigned counsel) served written Requests for Admissions pursuant to Fed. R. Civ. P. 36. These requests, attached to the affidavit of counsel submitted herewith, asked Zhang to admit (or deny) twelve specific questions such as:

    1.)  Admit YOU registered the domain name chai-ai.app on September 15, 2023;

    2.)  Admit YOU registered the domain name chainsfw.com on December 22, 2023.

    3.)  Admit that prior to registering the domain names chai-ai.app and chainsfw.ai, YOU did not at any time use "CHAI" as a mark in connection with offering any goods or services.

…

    7.)  Admit that in late 2023, YOU began using the domain name chai-ai.app to forward traffic to a new domain name chainsfw.com.

    8.)  Admit that YOUR use and trafficking of the Chai-ai.app domain name constitutes cybersquatting under 15 U.S.C. §1125(d) in that YOU have demonstrated a bad faith intent to profit from CHAI RESEARCH's distinctive mark at the time of registration of the domain name.

…

    11.) Admit YOU registered and used the domain names chainsfw.ai and/or Chai-ai for the purpose of diverting traffic from anyone search for CHAI RESEARCH's legitimate services.

Zhang did not respond or object to any of these requests. As a result, they are all deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

These admissions are sufficient to entitle Chai to summary judgment on the single claim for relief it raised in the counterclaim. As noted above, a claim seeking relief under 15 U.S.C. § 1125(d) contains three simple elements: "(1) the defendant registered,

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted with bad faith intent to profit from that mark." *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010).

As noted above, Chai alleges (and the undisputed facts establish) that Chai owns trademark rights in the marks <CHAI> and/or <CHAI AI> as it relates to its marketing of artificial intelligence chat software. *See* Chai's Separate Statement of Facts ("SOF") ¶ 4. This fact is further supported by the affidavit of Chai's founder and CEO, submitted herewith.

Next, the domain names registered by Zhang — <chai-ai.app> and <CHAInsfw.com> are either identical or confusingly similar to a protected mark owned by Chai. SOF ¶¶ 5–12. Third and finally, by failing to respond to Chai's Request for Admissions, Zhang has admitted that he "registered and used the domain names chainsfw.ai and/or Chai-ai for the purpose of diverting traffic from anyone searching for CHAI RESEARCH's legitimate services." SOF ¶ 12.

Because there are no material facts in dispute, Chai is entitled to judgment as a matter of law as to all three of Zhang's affirmative claims for relief. The Court should therefore grant summary judgment as to those claims in favor of Chai and against Zhang pursuant to Fed. R. Civ. P. 56(a).

### III.   CONCLUSION

For the reasons stated above, Defendant/Counterclaimant Chai Research Corp. respectfully moves the Court for a default judgment as to its counterclaim against Plaintiff/Counterdefendant Zhang JC's, and for summary judgment as to Zhang's affirmative claims for relief.

Submitted: August 2, 2024.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras, Esq.
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271

Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Defendant/Counterclaimant Chai Research Corp.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document on August 2, 2024 via the Court's ECF system, and that paper copies were sent via U.S. Mail this date to:

Zhang JC
Room A17, 29/F, The Grand Centre
7 Shing Yip Street
Kwun Tong, Kowloon
Hong Kong

David S. Gingras, Esq.